# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

TOMMY WHITE, et.al.,                       )
                                           )
        Plaintiffs-Appellees,           )
                                           )
v.                                         )      Case No.: 23-1595, et.al.
                                           )
TITLEMAX OF VIRGINIA, INC., et.al,         )
                                           )
        Defendants-Appellants.          )
_____)

_____

### APPELLEES' OPPOSITION TO APPELLANTS' MOTION TO SUSPEND BRIEFING SCHEDULE

_____

    NOW COME Appellees and respectfully file this objection to Appellants' Motion to Suspend Briefing Schedule:

1) TitleMax has dragged this matter out for over four (4) years.

2) It previously filed a Fourth Circuit appeal challenging a similar confirmation of Arbitration awards against it.

3) After this Court granted it extensions, it used that time and then dismissed the appeal altogether. See Exhibit A.

4) Titlemax only wants more time to continue trying to seize on the desperation

1

of North Carolina borrowers that it has already taken advantage of as an illegal predatory car title lender. No mediator has been selected and no mediation has been scheduled.

5) TitleMax removed this matter to federal court and chose the arbitration forum.

6) Now that it has lost time and again it now wants to question the jurisdiction of the exact forums it selected. This case is nothing like *Badgerow*; here TitleMax chose the federal forum and the Court had an existing federal matter from which it ordered arbitration. Valid diversity jurisdiction existed since more than $75,000 was in dispute—and Awards in this *Goines* docket have been entered in excess of $75,000 which confirms such. See, e.g., Exhibit B.

7) Further, and perhaps most importantly, TitleMax has raised a Dormant Commerce Clause defense in its Docketing Statement (D.R. 9) so waiting on *SmartSky* will not even resolve this matter. Thus, staying the matter only delays, and will not avoid, the appeal.

Delaying a matter hoping the law changes is hardly grounds for an extension. The motion ought to be denied. If TitleMax believes it has legitimate reasons for an appeal it should file its Memorandum.

This is the 5th day of July, 2023

/s/ Andrew H. Brown
Andrew H. Brown
N.C. State Bar No. 28450
/s/ James Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown Faucher Peraldo & Benson, PLLC
822 North Elm Street, Suite 200
Greensboro, NC  27401
Telephone:  336-478-6000
Facsimile:   336-273-5597
drew@greensborolawcenter.com
james@greensborolawcenter.com
Attorneys for Plaintiffs-Appellees

## CERTIFICATE OF SERVICE

I, Andrew Brown, certify that on July 5th, 2023, a true and correct copy of the foregoing Appellee's Opposition to Appellant's Motion to Suspend Briefing Schedule was served upon counsel of record via the Court's CM/ECF system.

/s/ Andrew H. Brown
Andrew H. Brown